```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

MACKENZIE NADAL,

        Plaintiff,

v.                                Case No. 8:20-cv-2621-T-33CPT

THE COOPER COMPANIES, INC.,
et al.,

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Mackenzie Nadal initiated this personal injury action in the Philadelphia County Court of Common Pleas on September 24, 2020. (Doc. # 1). On October 15, 2020,

1

Defendants removed the case to the Eastern District of Pennsylvania on the basis of diversity jurisdiction. (Id.). Following a stipulation to transfer venue by the parties, the Eastern District of Pennsylvania transferred the case to this Court on November 16, 2020. (Doc. ## 15; 23-1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1 at 23) ("This is an action for damages, exclusive of interest and costs, which exceeds the sum of fifty thousand dollars[.]"). Instead, in their notice of removal, Defendants rely upon the fact that Nadal alleged

that she "suffered serious bodily injuries" – namely, "a broken arm," in asserting the amount in controversy. (Id. at 4). However, neither the complaint nor the notice of removal provide any concrete factual support for damages related to this injury in excess of $75,000, and the Eastern District of Pennsylvania requested no such additional information in order to ensure that it had subject-matter jurisdiction over the case. (Doc. # 1).

Following transfer to this District, and upon review of Defendants' notice of removal, this Court was "unable to determine whether the amount in controversy has been met by Nadal's damages claim without engaging in heavy speculation." (Doc. # 17). Specifically, the Court concluded that the Defendants "provide no concrete factual support that Nadal's damages exceed $75,000." (Id.). The Court then gave Defendants an opportunity to provide additional information to establish the amount in controversy. (Id.).

Defendants have now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 23). But Defendants still fail to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In their response, Defendants reiterate their opinion that the amount in controversy has been

3

satisfied because Nadal "alleged serious bodily injuries" and because she alleged specific facts related to that injury. (Id. at 7). Defendants further argue that this Court has subject-matter jurisdiction because Nadal "stipulated to the jurisdiction of the Eastern District of Pennsylvania to transfer venue under 28 U.S.C. § 1404(a) to the Middle District of Florida." (Id. at 2). Defendants also add that the complaint contains a clause stating that Nadal is seeking damages "in excess of $50,000" after each cause of action, that Nadal is seeking punitive damages, and that the Court should employ "its judicial experience or common sense" to deduce from the pleadings that the amount in controversy exceeds $75,000. (Id. at 7-8).

Although Nadal may have described her injury, she has not specifically described any damages. (Doc. ## 1; 23). Indeed, neither the complaint nor the notice of removal includes any concrete damages associated with Nadal's broken arm, such as past medical expenses or lost wages. (Id.). Although Nadal includes in her complaint a clause stating that she is seeking damages in excess of $50,000 following each cause of action, her request for damages remains unspecified. (Doc. # 1 at 31-50).

Despite Defendants' argument that the seriousness of Nadal's injury supports a finding that the Court has subject-matter jurisdiction, without more, the Court remains unconvinced. (Doc. # 23); see Sharkey v. Medline Indus., Inc., No. 8:16-cv-1518-T-33TBM, 2016 WL 3344791, at *1-2 (M.D. Fla. June 16, 2016) (remanding a case to state court for lack of concrete evidence establishing damages despite the plaintiff's "potentially serious injuries"). Although the Court recognizes that "district courts are permitted to make reasonable deductions and reasonable inferences" in determining the amount in controversy, "the record is devoid of evidence to suggest that [Nadal's] damages . . . exceed the $75,000 amount in controversy threshold." Detari v. Fed. Express Corp., No. 8:18-cv-3030-T-33JSS, 2019 WL 245350, at *2 (M.D. Fla. Jan. 17, 2019) (citation omitted).

And, the Court finds no more compelling Nadal's stipulation to jurisdiction of the Eastern District of Pennsylvania for purposes of transferring the case to this District. (Doc. # 23-1). Indeed, "[the] plaintiff and the defendant are not free simply to agree that the jurisdictional amount requirement has been satisfied." Bienvenue v. Wal-Mart Stores, East, LP, No. 8:13-cv-1331-T-33TGW, 2013 WL 5912096, at *2 (M.D. Fla. June 19, 2013) (citation omitted). Even if

5

the Court interpreted this stipulation as Nadal's admission that the amount in controversy exceeds $75,000, such an admission would do "nothing more than state a legal conclusion" as it "enjoys no factual support in the [notice of removal or complaint]." Id.

Finally, the Court notes that Nadal's undetailed request for punitive damages does not establish the amount in controversy either. See Avery v. Wawa, Inc., No. 8:18-cv-403-T-33TGW, 2018 WL 1008443, at *4 (M.D. Fla. Feb. 22, 2018) ("A defendant seeking to remove based on a claim for punitive damages must affirmatively establish jurisdiction by proving jurisdictional facts that make it possible that punitive damages are in play. Rather than providing jurisdictional facts, [Defendants] simply point[] out that the complaint in this case includes a request for punitive damages." (citations omitted)). Were the Court to follow Defendants' logic here, any case requesting punitive damages "would automatically meet the jurisdictional minimum for removal to federal court." Id.

Therefore, Defendants have failed to persuade the Court that the amount in controversy exceeds $75,000. Indeed, the parties have offered no concrete factual basis upon which the Court can conclude or deduce that the damages here exceed the

6

amount-in-controversy requirement. Thus, Defendants have not carried their burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to Pennsylvania state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

The Clerk is directed to **REMAND** this case to Pennsylvania state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of November, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE